a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DEVONTE MITCHELL (#583988),          CIVIL ACTION NO. 1:16-CV-1351-P
Petitioner

VERSUS                               CHIEF JUDGE DRELL

SANDY MCCAIN,                        MAGISTRATE JUDGE PEREZ-MONTES
Respondent

---

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Devonte Mitchell (#583988) ("Mitchell")[1]. Mitchell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Mitchell challenges his conviction in the Ninth Judicial District Court, Rapides Parish.

## I.  Background

Mitchell was convicted of aggravated burglary and attempted first degree murder. He was sentenced to 20 years of imprisonment for attempted murder and 10 years of imprisonment for aggravated burglary, to run concurrently with the 20-year sentence. (Doc. 1, p. 1). Mitchell filed an appeal, through counsel, arguing that his

---

[1] Petitioner's name is typed on the petition as "Devonte Mitchell." However, according to the Department of Corrections records, Petitioner's name is "Davonta Mitchell," which is consistent with Mitchell's signature. (Doc. 1, pp. 18, 30, 34). The Third Circuit has also noted: "We observe that in his pro se brief, Defendant spells his name 'Davonta Mitchell.' Pursuant to this court's standard practice, we have spelled his first name 'Devonta' because that spelling appears on the charging instrument. (R. p. 7)." State v. Mitchell, 2011-792, 2012 WL 280633 at *1, n. 1 (La. App. 3 Cir. 2/1/12).

sentence was excessive. Mitchell also challenged his sentence, pro se, on the grounds of racial discrimination during jury selection, juror misconduct, and ineffective assistance of counsel in selecting an all-white jury. State v. Mitchell, 2011-792 (La. App. 3 Cir. 2/1/12). Mitchell's conviction and sentences were affirmed. See id. Mitchell did not seek writs in the Louisiana Supreme Court. (Doc. 1, p. 2).

Mitchell filed an application for post-conviction relief raising unspecified claims, which was denied. (Doc. 1, p. 3). Mitchell's writ applications were denied in the Third Circuit Court of Appeal and Louisiana Supreme Court. See State ex rel. Mitchell v. State, 2013-1504 (La. 1/10/14), 130 So. 3d 323.

Mitchell filed a second application for post-conviction relief, which was also denied. See State ex rel. Mitchell v. State, 2015-1222 (La. 5/13/16), 190 So. 3d 1163. Mitchell's subsequent writ applications were denied, as well. Id.

## II.   Law and Analysis

### A.   Mitchell must demonstrate exhaustion of his habeas claims.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the

highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Mitchell shall amend his petition to list each ground for which he is entitled to habeas relief and state whether each claim was fairly presented to the Louisiana Supreme Court in a procedurally proper manner.  (Doc. 1, pp. 16-17).  As to each claim, Mitchell shall: (1) state whether the claim was raised in his first or second application for post-conviction relief; and (2) identify the writ application in which each claim was presented to the Third Circuit Court of Appeal and the Louisiana Supreme Court.

Additionally, Mitchell shall file a copy of the following documents:

1. Mitchell's first application for post-conviction relief and corresponding writ applications to the Third Circuit, No. KH 12-1137, and Louisiana Supreme Court, No. 2013-1504; and

2. Mitchell's second application for post-conviction relief and corresponding writ applications to the Third Circuit, No. KH 15-0342, and Louisiana Supreme Court, No. 2015-1222.

III.   Conclusion

**IT IS ORDERED** that Mitchell amend his petition within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 10th day of November, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge