UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEVONTE MITCHELL (#583988), Plaintiff | CIVIL ACTION NO. 1:16-CV-1351-P |
| VERSUS | JUDGE DRELL |
| SANDY MCCAIN, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATIONS

Before the Court is a Motion for Summary Judgment (Doc. 16) filed by pro se Petitioner Devonte Mitchell (#583988) ("Mitchell"). Because the motion for summary judgment essentially reiterates Mitchell's arguments in his underlying habeas petition, Mitchell's Motion for Summary Judgment (Doc. 16) should be denied.

I. **Background**

Mitchell filed a petition for writ of habeas corpus (28 U.S.C. § 2254). (Doc. 1). Mitchell is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Mitchell challenges his conviction in the Ninth Judicial District Court, Rapides Parish, Louisiana. Sandy McCain ("McCain") (Warden of the Raymond Laborde Correctional Center) opposes the petition. (Doc. 13).

Mitchell was convicted of aggravated burglary and attempted first degree murder. He was sentenced to 20 years of imprisonment for attempted murder and 10 years of imprisonment for aggravated burglary, to run concurrently with the 20-year sentence. (Doc. 1). Mitchell filed an appeal, through counsel, arguing that his

1

sentence was excessive. Mitchell also challenged his sentence, pro se, on the grounds of racial discrimination during jury selection, juror misconduct, and ineffective assistance of counsel in selecting an all-white jury. State v. Mitchell, 2011-792 (La. App. 3 Cir. 2/1/12). Mitchell's conviction and sentences were affirmed. See id. Mitchell did not seek writs in the Louisiana Supreme Court. (Doc. 1).

Mitchell filed an application for post-conviction relief raising unspecified claims, which was denied. (Doc. 1). Mitchell's writ applications were denied by the Third Circuit Court of Appeal and the Louisiana Supreme Court. See State ex re. Mitchell v. State, 2013-1504 (La. 1/10/14), 130 So. 3d 323.

Mitchell filed a second application for post-conviction relief, which was denied. See State ex rel. Mitchell v. State, 2015-1222 (La. 5/13/16), 190 So. 3d 1163. Mitchell's subsequent writ applications were also denied. Id.

Mitchell filed his petition for a writ of habeas corpus and now requests this Court grant him summary judgment on all claims and relief prayed for under Fed. R. Civ. P. 56(c). (Doc. 16).

II. Law and Analysis

A. Mitchell's Motion for Summary Judgment should be denied as redundant.

The Rules Governing Section 2254 Cases in the United States District Courts govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254. Rule 3 provides for the filing of the petition and the payment of the filing fee. Rule 4 provides for a preliminary consideration of the petition by a court. If a petition is not dismissed at that juncture, Rule 5 then provides that an

answer and state records be filed. Subject to the judge's authorization, Rule 6 allows for discovery. Rule 7 allows for expanding the record, if directed by the judge. Under Rule 8, if the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any additional materials requested by the judge under Rule 7 to determine whether an evidentiary hearing is warranted.

The Federal Rules of Civil Procedure apply to proceedings for habeas corpus to the extent that the practice in those proceedings: A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and B) has previously conformed to the practice in civil actions. Fed. R. Civ. P. 81(a)(4).

A motion for summary judgment is a highly disfavored, if not improper, method of adjudicating a petition for a writ of habeas corpus. See Browder v. Director, Ill. Dept. of Correction, 434 U.S. 257, 269, n. 14 (1978) (noting that the procedure for responding to the application for a writ of habeas corpus is set forth in the habeas corpus statutes); see also United States v. Hurley, 2005 WL 1473828, n. 5 (N.D. Tex. 2005) (motion for summary judgment under Fed. R. Civ. P. 56 is not appropriate or necessary in the habeas context). The Rules do not contemplate dispositive motions in habeas actions. As is the case here, such motions would generally be redundant in light of the settled procedures for resolving the merits of habeas petitions.

Mitchell's motion essentially seeks the same relief as sought in the underlying writ for habeas corpus. (Doc. 16). Considering the redundancy of Mitchell's motion,

the Court will address Mitchell's claims in this Court's ruling on his underlying habeas petition.

III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that Mitchell's Motion for Summary Judgment (Doc. 16) be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __28th__ day of December, 2017.

/s/ Joseph H.L. Perez-Montes
Joseph H.L. Perez-Montes
United States Magistrate Judge