UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVONTA MITCHELL,<br>Petitioner | CIVIL DOCKET NO. 1:16-CV-1351-P |
| VERSUS | JUDGE DRELL |
| SANDY MCCAIN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) filed by *pro se* Petitioner Davonta Mitchell (#583988) ("Mitchell")[1]. Mitchell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Mitchell challenges his conviction in the Ninth Judicial District Court in Rapides Parish.

Because Mitchell cannot show that he is in custody in violation of the Constitution, laws, or treaties of the United States, his § 2254 Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

---

[1] Petitioner's name is typed on the Petition (Doc. 1) as "Devonte Mitchell." However, according to Department of Corrections records, Petitioner's name is "Davonta Mitchell," which is consistent with Mitchell's signature. (Doc. 1, pp. 18, 30, 34). The Third Circuit has also noted: "We observe that in his pro se brief, Defendant spells his name 'Davonta Mitchell.' Pursuant to this court's standard practice, we have spelled his first name 'Devonta' because that spelling appears on the charging instrument. (R. p. 7)." State v. Mitchell, 2011-792, 2012 WL 280633 at *1, n. 1 (La. App. 3 Cir. 2/1/12).

I. <u>Background</u>

According to the Louisiana Third Circuit Court of Appeal:

In May of 2010, Defendant participated in an armed home invasion of victim Sammie Williams's trailer. Ms. Williams was there with two infants, her great niece, and great nephew. While Defendant and an accomplice were searching the trailer, another woman, Mabel Fisher, parked in the driveway. The men approached her and ordered her to leave; one of them leveled a pistol at her. Nonetheless, she refused their order, and they ran toward a white SUV. Ms. Fisher drove after them, and the man with the pistol turned and shot at her. When they drove away, she gave chase and tried to write down the license plate number. At some point, the SUV stopped; the driver got out, ran toward Ms. Fisher's car, and fired two shots.

<u>State v. Mitchell</u>, 2011-792, 2012 WL 280633 at *1, (La. App. 3 Cir. 2/1/12).

Following a jury trial, Mitchell was convicted of aggravated burglary and attempted first degree murder. <u>Id.</u> He was sentenced to 20 years of imprisonment for attempted murder and 10 years of imprisonment for aggravated burglary, to run concurrently with the 20-year sentence. (Doc. 1, p. 1). Mitchell appealed through counsel, who argued that the sentence was excessive. Mitchell also filed a *pro se* brief alleging racial discrimination during jury selection, juror misconduct, and ineffective assistance of counsel in selecting an all-white jury. <u>Id.</u> Mitchell's conviction and sentences were affirmed. <u>Id.</u> Mitchell did not seek writs in the Louisiana Supreme Court. (Doc. 1, p. 2).

Mitchell filed an application for post-conviction relief on August 3, 2012 alleging that: (1) the trial court erred in allowing the State to amend the Bill of Information over objection of counsel and in the presence of the jury; (2) the conviction for attempted second degree murder and aggravated burglary constitute double

jeopardy because they were based on the same evidence; and (3) Mitchell's confession was not free and voluntary. (Doc. 13-4, pp. 4-10). The application was denied on August 20, 2012. (Doc. 13-4, pp. 11-12). Mitchell sought a writ of review in the Louisiana Third Circuit Court of Appeal, which was denied. (Doc. 13-4, p. 30). Likewise, the Louisiana Supreme Court denied writs on January 10, 2014. (Doc. 13-4, p. 33).

Mitchell filed a second application for post-conviction relief on January 27, 2014, claiming there was insufficient evidence to convict him, the bill of information was defective, and raising seven claims of ineffective assistance of counsel. (Doc. 13-4, pp. 14-15). The trial court denied the second post-conviction application as repetitive. (Doc. 13-4, p. 13).

Mitchell sought a writ of review in the appellate court. The court granted the writ in part, finding that the ineffective assistance of counsel claims were not repetitive. (Doc. 13-4, p. 46). The case was remanded for consideration of the ineffective assistance claims. (Doc. 13-4, p. 46).

On March 11, 2015, the trial court denied the application for post-conviction relief without conducting an evidentiary hearing. (Doc. 13-4, pp. 83-88). Mitchell sought writs in the appellate court, which were denied as follows:

> WRIT DENIED: Relator seeks review of the trial court's denial of his application for post-conviction relief filed in January 2014. Relator also complains the trial court failed to hold an evidentiary hearing.
>
> Relator's claim his attorney was ineffective for picking an all-white female jury is repetitive having been reviewed on appeal in State v. Mitchell, 11-792 (La.App. 3 Cir. 2/1/12) (unpublished opinion). Additionally, Relator's claims the bills of information failed to set forth

3

> all essential elements of the crimes for which he was on trial and the State's evidence through the testimony of the victims failed to prove beyond a reasonable doubt he committed the offenses charged were reviewed by this court in State v. Mitchell, 14-288 (La.App. 3 Cir. 7/30/14) (unpublished opinion). Thus, they are repetitive and are denied.
>
> We find Relator's remaining claims lack merit and the trial court did not err in failing to hold an evidentiary hearing as the record is sufficient to review Relator's claims. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984) and La.Code Crim.P. arts. 930 and 930.7.

(Doc. 13-5, p. 6).

Mitchell sought writs in the Louisiana Supreme Court, which were also denied. State ex rel. Mitchell v. State, 2015-1222 (La. 5/13/16, 1); 190 So.3d 1163. The Court found that Mitchell could not meet the standard under Strickland, and that the remaining claims were repetitive. Id. The Court adopted the written reasons of the trial court. Id.

In this § 2254 Petition, Mitchell raises the following claims: (1) counsel was ineffective in selecting an all-white, female jury; (2) counsel was ineffective in failing to file a motion to strike the entire jury panel; (3) counsel was ineffective for not allowing Mitchell to testify regarding his intent; (4) counsel was ineffective for refusing to allow Mitchell to testify at the hearing to suppress Mitchell's confession; (5) counsel was ineffective for electing a trial by jury without Mitchell's consent; (6) counsel was ineffective for failing to object to evidence of other crimes introduced through the testimony of witnesses; (7) the Bill of Information failed to set forth all essential elements of the crimes; (8) insufficient evidence; (9) counsel was ineffective for not raising these claims in the appellate courts; (10) wrongful denial of an

evidentiary hearing on the post-conviction application; and (11) denial of access to courts by incorrect state court rulings. (Doc. 1, pp. 16-18).

II. Law and Analysis

    A. Mitchell's claims can be resolved under Rule 8(a) of the Rules Governing § 2254 Cases.

The Court is able to resolve Mitchell's § 2254 Petition without the necessity of an evidentiary hearing because there are no genuine issues of material fact relevant to Mitchell's claims, and the state court records provide an adequate factual basis. See Moya v. Estelle, 696 F.2d 329, 332-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

    B. The Court must conduct a deferential review under 28 U.S.C. § 2254.

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that the applicant is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings or to substitute its own opinions for the determinations made by the trial judge. See Davis v. Ayala, 135 S. Ct. 2187, 2202 (2015) (citing Harrington v. Richter, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to or involved

5

an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885 (2001). Therefore, § 2254(d) demands an initial inquiry into whether a prisoner's claim has been "adjudicated on the merits" in state court; if it has, AEDPA's highly deferential standards apply. See Davis, 135 S. Ct. at 2198 (citing Richter, 562 U.S. at 103).

When a federal claim has been presented to a state court and the state court has summarily denied relief without a statement of reasons, it may be presumed that the state court adjudicated the claim on the merits, in the absence of any indication or state law procedural principles to the contrary. Richter, 562 U.S. at 99. A habeas court must determine what arguments or theories supported, or could have supported, the state court's decision, and then, whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. See Richter, 562 U.S. at 102. Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden must be met by showing there was no reasonable basis for the state court to deny relief. Richter, 562 U.S. at 98.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially

6

indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. See Martin, 246 F.3d at 476; see also Rivera v. Quarterman, 505 F.3d 349, 356 (5th Cir. 2007), cert. den., 555 U.S. 827 (2008).

A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. See Martin, 246 F.3d at 476. An unreasonable application is different from an incorrect one. See Bell v. Cone, 535 U.S. 685, 694 (2002). When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. See Mitchell v. Esparza, 540 U.S. 12, 18 (2003); see also Davis, 135 S. Ct. at 2199 (citing Fry v. Pliler, 551 U.S. 112, 119 (2007)).

### C. Mitchell cannot establish that his trial counsel was constitutionally ineffective.

#### 1. Trial counsel was not ineffective in selecting an all-white, female jury or in failing to file a motion to strike the entire jury panel.

In his first two claims, Mitchell alleges that he received ineffective assistance of counsel when his attorney allowed the selection of an all-white, all-female jury and failed to file a motion to strike the jury panel. (Doc. 1).

7

A habeas petitioner must satisfy the two-part test of Strickland to prevail on an ineffective assistance of counsel claim. First, a petitioner must demonstrate that "'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." Andrews v. Collins, 21 F.3d 612, 621 (5th Cir. 1994) (quoting Strickland, 466 U.S. at 688). When assessing whether an attorney's performance was deficient, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Second, if counsel was deficient, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; Haynes v. Cain, 298 F.3d 375, 380 (5th Cir. 2002), writ denied, 537 U.S. 1072 (2002).

Review of the state court's resolution of the ineffective-assistance-of-counsel claim must be "doubly deferential" since the question is "whether the state court's application of the Strickland standard was unreasonable." Harrington v. Richter, 562 U.S. 86, 101 (2011). Importantly, "[t]his is different from asking whether defense counsel's performance fell below Strickland's standard," because the "state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Id. at 101. Consequently, "even a strong case for relief does not mean the state court's contrary conclusion was

8

unreasonable." Id. Rather, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Id. at 101-02.

Mitchell raised the claim of ineffective assistance in jury selection through a pro se brief on direct appeal. The appellate court correctly stated that:

> The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La. 1984). The defendant must show that counsel's performance was deficient and that he was prejudiced by the deficiency. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, supra, 466 U.S. at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992).

State v. Mitchell, 2012 WL 280633 at *4.

The appellate court determined that "trial counsel's methodology in picking the jury was a matter of trial strategy" and did not establish that trial counsel was ineffective. Id. However, the appellate court went on to write: "This court will relegate Defendant's pro se ineffective assistance of counsel claims to the post-conviction relief process." Id. 2012 WL 280633 at *6. To the extent the appellate court reviewed the claim, it used the appropriate Strickland standard.

9

Mitchell raised the same ineffective assistance claim in his second application for post-conviction relief. (Doc. 13-4, pp. 4-10). The trial court found that Mitchell's claim involved an "unsupported blanket allegation" that did not rise to the level of ineffective assistance of counsel. (Doc. 13-4, p. 13). The appellate court stated: "Relator's claim his attorney was ineffective for picking an all-white jury is repetitive having been reviewed on appeal in State v. Mitchell, 11-792 (La. App. 3 Cir. 2/1/12) (unpublished opinion)." (Doc. 13-5, p. 6). Thereafter, the Louisiana Supreme Court found that "Relator fails to show he received ineffective assistance of counsel under the standard of Strickland." It further adopted and incorporated the trial court's ruling into its writ denial. State ex rel. Mitchell v. State, 2015-1222 (La. 5/13/16, 1); 190 So.3d 1163.

Given the double degree of deference applicable here—deference due to counsel's strategic decisions made in selecting a jury, and deference due to the state court's reasoned decision—Mitchell has failed to show that state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Mitchell also claims that counsel was ineffective in failing to file a motion to strike the jury panel. However, the record indicates that counsel did file a motion to strike the panel, which was denied. (Doc. 13-2, pp. 53-55). Additionally, "defense counsel objected to the racial balance of the overall jury pool at trial. The presiding

Judge overruled the objection." (Doc. 13-4, p. 84; Doc. 45, pp. 17-21). Therefore, the claim is unsupported and without merit.

> 2. <u>Mitchell cannot show that counsel was ineffective for failing to call Mitchell to testify at trial or at a hearing on a motion to suppress.</u>

In his third and fourth claims, Mitchell alleges that counsel was ineffective for failing to call him to testify at trial regarding intent, and for refusing to allow him to testify at a hearing on Mitchell's motion to suppress his confession.

Because <u>Strickland</u> review is highly deferential, Mitchell must overcome a strong presumption that his attorney's decision not to place him on the stand was sound trial strategy. <u>Strickland</u>, 466 U.S. at 689. The trial court asked Mitchell on the record if he had decided not to testify, and Mitchell replied: "Yes, sir." (Doc. 13-4, pp. 85-86; Doc. 45-3, p. 41). When the judge asked whether it was Mitchell's decision or his lawyer's decision, Mitchell responded: "Mine." (Doc. 13-4, p. 86; Doc. 45-3, p. 42). Mitchell's claim falls "within the amorphous zone known as 'trial strategy' or 'judgment calls.'" <u>Hollenbeck v. Estelle</u>, 672 F.2d 451, 454 (5th Cir. 1982) (quoting <u>Jones v. Estelle</u>, 632 F.2d 490, 492 (5th Cir. 1980), <u>cert. denied</u>, 451 U.S. 916 (1981).

Mitchell offers nothing to overcome the strong presumption that his attorney's decision to not have him testify at trial or at the suppression hearing was sound trial strategy.

11

### 3. Counsel was not ineffective for proceeding with a jury trial.

In his fifth claim, Mitchell argues that counsel was ineffective for selecting a trial by jury and depriving Mitchell of his right to a trial by judge.

First, although a defendant has a right to a jury trial, there is no constitutional right to a bench trial. See Singer v. United States, 380 U.S. 24, 34 (1965) (accused has no right to bench trial despite capacity to waive right to jury trial). Likewise, there is no such right under Louisiana law. Dahlem v. Poret, 16-CV-11835, 2017 WL 3822892, at *8 (E.D. La. Jan. 24, 2017), report and recommendation adopted, 2017 WL 3721518 (E.D. La. Aug. 28, 2017) (citing State v. Bazile, 144 So.3d 719, 729 (La. 2013) ("[T]here is no explicit or implicit federal or state constitutional right to demand trial before a judge sitting alone.")). Mitchell's constitutional rights could not be violated by a failure to advise him of a nonexistent right. Therefore, Mitchell's claim is meritless.

### 4. Mitchell cannot establish ineffective assistance with regard to the admission of evidence of other crimes.

In his sixth claim, Mitchell alleges that counsel was ineffective for failing to object to evidence of other crimes introduced through the testimony of witnesses at trial. (Doc. 1). Mitchell does not identify what "other crimes" were allegedly introduced. On post-conviction review, the trial judge pointed out that the jury was provided a limiting instruction regarding the introduction of the circumstances of Mitchell's arrest. The judge stated:

> The evidence that the defendant was involved in the commission of an offense other than an offense for which he is on trial is only to be considered for a limited purpose. And the only reason I've allowed them

> to introduce evidence showing that, uh, the defendant was in a truck, um, Chevrolet truck or whatever kind of truck it was that was stolen from Alexandria was to show you why he was stopped, why he was arrested in Lafayette and brought to Alexandria. That's the only reason why that's - - y'all have probably been wondering why this guy stopped him and arrested him in Lafayette unless he told you why, so that is the only purpose that it is allowed. You cannot find the defendant guilty of this offense merely because he was riding in a truck that was stolen.
>
> I remind you the accused is on trial only for the offenses charged and you may not find him guilty of these offenses merely because he was arrested for a different offense. And that is my instruction now and that will be my final instruction to you later also.

(Doc. 13-4, p. 87).

Louisiana law generally prohibits the admission of "other crimes evidence," or evidence of criminal conduct uncharged in the indictment, with exceptions for proving identity, system, or *res gestae*. Robinson v. Whitley, 2 F.3d 562, 566 (5th Cir. 1993) (citing State v. Prieur, 277 So.2d 126, 128 (La. 1973)). In this case, the arrest in the stolen truck forms part of the *res gestae* of the charged offense. Robinson, 2 F.3d at 566. Mitchell has not shown that the evidence was improperly admitted.

More importantly, Mitchell has not shown that the state court's application of the Strickland standard to this claim was unreasonable. Harrington v. Richter, 562 U.S. 86, 101 (2011).

### 5. Mitchell cannot establish that the bill of information was defective.

In his seventh claim, Mitchell alleges that the bill of information failed to set forth all essential elements of the crime. (Doc. 1).

The sufficiency of a state charging document, whether indictment or bill of information, is not a matter for federal habeas relief unless it can be shown that the

13

charging document is so defective that it deprives the state court of jurisdiction, see McKay v. Collins, 12 F.3d 66, 68 (5th Cir. 1994) (citing Branch v. Estelle, 631 F.2d 1229 (5th Cir. 1980), and there are no circumstances under which a valid conviction could be based on that instrument, see Liner v. Phelps, 731 F.2d 1201, 1203 (5th Cir. 1984). Specifically, the conclusion as to whether a state trial court was deprived of jurisdiction by a fatally defective indictment is a question foreclosed to a federal habeas court "[w]hen it appears . . . that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." Liner, 731 F.2d at 1203.

Mitchell was charged by bill of information with one count of attempted first degree murder, citing La. R.S. 14:27 and La. R.S. 14:30, and one count of aggravated burglary, citing La. R.S. 14:60. The State subsequently amended the first count to attempted second degree murder, a violation of La. R.S. 14:27 and La. R.S. 14:30.1. (Doc. 13-2, pp. 7, 9). The trial court rejected Mitchell's argument regarding the sufficiency of the bill, and the appellate court found no error in the trial court's ruling. (Doc. 13-4, pp. 11-12, 30). Likewise, the Louisiana Supreme Court denied writs. (Doc. 13-4, p. 33). The question is now foreclosed.

Even if the issue was properly before the Court, however, Mitchell's claim would fail. A bill of information must inform the accused of the nature and cause of the accusation against him. LSA–Const. Art. 1, § 13. The bill must contain all elements of the offense in sufficient particularity to enable the defendant to prepare for trial, to allow the court to determine the propriety of the evidence submitted at

14

trial, to impose the correct punishment on a verdict of guilty, and to protect the defendant from subsequent prosecution for the same offense. See State v. Comeaux, 408 So.2d 1099 (La. 1981). Mitchell does not show that the bill was defective, nor can Mitchell show that the bill prejudiced his defense. State v. Shelton, 545 So.2d 1285 (La.App. 2d Cir. 1989), writ denied, 552 So.2d 377 (La. 1989).

### 6. The evidence was sufficient to convict Mitchell.

In his eighth claim, Mitchell alleges there was insufficient evidence to convict him. (Doc. 1).

In evaluating the sufficiency of evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Jackson inquiry "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 506 U.S. 390, 401 (1993). And "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." Cavazos v. Smith, 565 U.S. 1, 2 (2011).

Mitchell raised the insufficient evidence claim for the first time in his second post-conviction application. (Doc. 13-4, pp. 14-15). The trial court, Third Circuit Court of Appeal, and Louisiana Supreme Court all found that the claim was meritless. (Docs. 13-4, pp. 46, 87; Doc. 13-5, p. 20).

Under Louisiana law, a conviction of second-degree murder requires: (1) the intent to kill the victim; and (2) an overt act tending toward the accomplishment of the victim's death. See La. R.S. 14:27, 30.1. In order to prove aggravated burglary, the state must prove beyond a reasonable doubt that a defendant made an unauthorized entry into an inhabited dwelling with the intent to commit a felony or theft and: (1) was armed with a dangerous weapon; (2) armed himself with a dangerous weapon after entering; or (3) committed a battery upon any person while in such place, or in entering or leaving such place. See La. R.S. 14:60.

Mitchell maintains that he did not have the requisite intent to support a conviction. However, Louisiana law provides that specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. See State v. Butler, 322 So.2d 189 (La. 1975); State v. Martin, 92-0811 (La.App. 5 Cir. 5/31/94), 638 So.2d 411. Additionally, under the Louisiana law of principals, all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. See La. R.S. 14:24. Mitchell's argument that he was not charged as a principal to the crime is meritless, as Louisiana law does not require that a person be specifically charged as a principal. See State v. Peterson, 290 So.2d 307 (La. 1974)[2].

---

[2] In Peterson, the Louisiana Supreme Court stated:

> Nowhere, in any of our Code of Criminal Procedure provisions or elsewhere, is it required that a person charged with an offense who did not directly commit the act constituting the offense be specifically denominated a "principal". Any and all persons involved in the commission of a crime to an extent which will

16

The testimony at trial established that Mitchell and an accomplice entered a home while armed and without authorization. (Doc. 45, pp. 39-41, 47). See State v. Mitchell, 2011-792, 2012 WL 280633 at *1, (La. App. 3 Cir. 2/1/12). After fleeing the home, two shots were fired at the victim by Mitchell or his accomplice. (Doc. 45, p. 45; Doc. 45-1, pp. 16, 19, 21-22). Id. Moreover, Mitchell gave a recorded confession. (Doc. 45-2, p. 41). Based on the trial testimony and evidence, any rational trier of fact could have found the essential elements of the two crimes beyond a reasonable doubt.

The state courts' denial of Mitchell's sufficiency of the evidence claim was not an objectively unreasonable application of the deferential Jackson standard. Parker v. Matthews, 132 S.Ct. 2148, 2152 (2012); Harrell v. Cain, 595 F. App'x 439 (5th Cir. 2015).

### 7. Mitchell cannot establish that counsel was ineffective for failing to raise his § 2254 claims in the appellate courts.

Mitchell alleges that counsel was ineffective for failing to raise the § 2254 claims in his direct appeal. (Doc. 1). But as discussed above, Mitchell's claims are without merit. An ineffective assistance of counsel claim cannot be based on "an attorney's failure to raise a meritless argument." See United States v. Kimbler, 167

---

satisfy the definition of "principal" stated in R.S. 14:24, whether the direct perpetrator of the act constituting the offense or not, may be charged with commission of the offense. There is absolutely no requirement that an indictment explicitly denominate the accused as "principal". That the accused is indicted for the offense itself, and not charged as an accessory after the fact, irrefutably evidences that he is charged as a principal.

Id. at 308.

17

F.3d 889, 893 (5th Cir. 1999) (citations omitted); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).

### 8. Mitchell was not entitled to an evidentiary hearing regarding his post-conviction claims.

Mitchell alleges that he was entitled to an evidentiary hearing in the trial court on his post-conviction claims. (Doc. 1). The Louisiana Third Circuit Court of Appeal ruled that "the trial court did not err in failing to hold an evidentiary hearing as the record is sufficient to review Relator's claims." (Doc. 13-5, p. 6; citing La. Code. Crim. P. arts. 930 and 930.7). Under Louisiana Code of Criminal Procedure 930(A), an evidentiary hearing is only required when issues of fact exist that cannot be resolved on the pleadings alone.

Even if Mitchell had been entitled to an evidentiary hearing, the failure of the district court to conduct the hearing would not entitle him to habeas relief. Morris v. Cain, 186 F.3d 581, 585 n. 6 (5th Cir. 1999) (errors alleged to have been committed in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief); Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court . . . .").

### 9. Mitchell cannot obtain habeas relief based on a denial of access to courts.

Mitchell alleges that the errors her perceives in the state courts' rulings deprived him of his right to access the courts. Because this Court has determined that Mitchell cannot show that the state court decisions were contrary to or involved

18

an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, his claim is unavailing.

### III. Conclusion

Because Mitchell cannot show that he is in custody in violation of the Constitution, laws, or treaties of the United States, his § 2254 Petition (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __7th__ day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE